UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SMART TRIKE, MNF, PTE, LTD.,

                            PLAINTIFF,

                                                        11 CIV. 8198 (HB)

            -AGAINST-                                    ECF CASE


SMART TRIKE, LLC, ROBERT KRAMER AND
JOSEPH JANOWSKI,
                            DEFENDANTS.


-------------------------------------------------------------------X



DEFENDANTS'  MEMORANDUM OF LAW

IN SUPPORT OF MOTION TO DISMISS



RAND ROSENZWEIG RADLEY
& GORDON, LLP
*Attorneys for Defendants*
445 Hamilton Ave., Suite 1201
White Plains, N.Y. 10601

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................1

NATURE OF THE ACTION .................................................................1

SUMMARY OF ARGUMENT ...............................................................4

ARGUMENT ...................................................................................5

    POINT I : The Court Lacks Subject Matter
            Jurisdiction Over This Action ............................................5

      A. Lack of Diversity Jurisdiction ..............................................6

      B. No Federal Question Presented ............................................7

           1. More Than Conclusory Allegations Required
              to State a Viable Claim Under Lanham Act ..................................8

           2. LLC's Post-Termination Sale of Genuine Smart
              Trike Products Does Not State a Lanham Act Claim ......................... 10

           3. Plaintiff Pled a Contractual Dispute
              Not a Lanham Act Claim ..................................................11

    POINT II: On This Motion To Dismiss, Plaintiff Cannot Meet
           Its Burden of Pleading Any Set Of Facts That State A
           Claim For Which Relief May Be Granted On Counts
           Three To Eight ..........................................................12

      A. Standard of Review on Motion to Dismiss ...................................12

      B. Plaintiff Fails to State a Claim of Fraud
         Under New York Law (Count Three) ..........................................13

      C. Plaintiff Fails to State a Claim for Breach of
         Fiduciary Duty (Count Four) ...............................................15

      D. Plaintiff Fails to State Trademark
         Infringement and Related Claims (Count Seven) ............................ 16

           1. New York State Trademark Infringement Claim Fails ..................... 17

           2. New York Unfair Competition Claim Fails ............................. 17

i

3.   New York Deceptive Business Practices Claim Fails ………………… 18

E.   Plaintiff Fails to State a Claim of Conversion (Count Eight) ………………….. 18

POINT III:   Claim On Guaranty Must Be Dismissed Pursuant to
Rule 12(b)(3) or Rule 12(b)(6)  ……………………………………………………19

POINT IV:   Additionally, Counts One and Two Must Be Dismissed
As to Individual Defendants As They Are Not Parties
To The Agreement  ………………………………………………………………23

CONCLUSION   ………………………………………………………………………………………24

# TABLE OF AUTHORITIES

CASES                                                                                           PAGE

*150 Broadway N.Y. Associates, L.P. v. Bodner*,
  14 A.D.3d 1, 784 N.Y.S.2d 63 (2d Dept. 2004) ...................................................................23

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006)...............................................................................................10

*Advani Enter., Inc. v. Underwriters at Lloyds*,
  140 F.3d 157 (2d Cir. 1998)..................................................................................................7

*APWU v. Potter*
  343 F.3d 619 (2d Cir. 2003) .................................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009) ..................................................................................12

*Balta v. Ayco Co., LP*,
  626 F. Supp. 2d 347 (W.D.N.Y. 2009) ................................................................................15

*Baosteel Am., Inc. v. M/V Ocean Lord*,
  257 F.Supp.2d 687 (S.D.N.Y.)............................................................................................21

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................12

*Bense v. Interstate Battery Sys. of Am., Inc.*,
  683 F.2d 718 (2d Cir. 1982)................................................................................................22

*Bluefire Wireless, Inc. v. Cloud9 Mobile Communications, Ltd.*,
  2009 WL 4907060 (S.D.N.Y.)......................................................................................20, 22

*Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*,
  148 F.Supp.2d 321 (S.D.N.Y. 2001)...................................................................................19

*Bridgestone/Firestone Inc. v. Recovery Credit Servs., Inc.*,
  98 F.3d 13 (2d Cir. 1996) ........................................................................................14, 15, 16

*Broughel v. Battery Conservancy*,
  2009 WL 928280 (S.D.N.Y.)................................................................................................9

*Caniglia v. Chicago Tribune–N.Y.*,
  204 A.D.2d 233, 612 N.Y.S.2d 146 (1st Dept 1994)..........................................................14

CASES                                                                                          PAGE

*Cargill Int'l SA v. M/T Pavel Dybenko*
  991 F.2d 1012 (2d Cir. 1993) ...................................................................5

*Catskill Litig. Trust v. Park Place Entm't Corp.*,
  169 F. App'x 658 (2d Cir. 2006) ............................................................7

*Central National Gottesman, Inc. v. M.V. Gertrude Oldendorff*,
  204 F.Supp.2d 675 (S.D.N.Y. 2002)......................................................21

*Coors Brewing Co. v. Anheuser-Busch Cos.*,
  802 F.Supp. 965 (S.D.N.Y.)...................................................................18

*Cosgrove v. Bartolotta*,
  150 F.3d 729 (7th Cir. 1998) ...................................................................7

*D.H. Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006)......................................................................21

*Dow Jones & Co. Inc. v. International Securities Exchange, Inc.*,
  451 F.3d 295 (2d Cir. 2006)......................................................................9

*East 2 West Product Group, LLC v. Henry Brown, LLC*,
  2010 WL 2891190 (S.D.N.Y.)................................................................19

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
  160 F.3d 925 (2d Cir. 1998)..............................................................6, 7

*Factory Associates & Exporters, Inc. v. Lehigh Safety Shoe Co., LLC*,
  2007 WL 1834599 (N.D.N.Y.) ..............................................................13

*Felix the Cat Productions, Inc. v. California Clock Co.*,
  2007 WL 1032267 (S.D.N.Y.) .................................................................9

*Filetech S.A. v. France Telecom S.A.*,
  157 F.3d 922 (2d Cir. 1998).....................................................................5

*Girl Scouts of U.S.A. v. Bantam Doubleday Dell Publ'g Group, Inc.*,
  808 F.Supp. 1112 (S.D.N.Y. 1992),
  *aff'd*, 996 F.2d 1477 (2d Cir. 1993) .....................................................17

*Gottehrer v. Viet-Hoa Co.*,
  170 A.D.2d 648, 567 N.Y.S.2d 71 (2d Dept. 1991) .............................23

*H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc.*,
  879 F.2d 1005 (2d Cir. 1989)................................................................10

C<small>ASES</small>                                                                 PAGE

*Handelsman v. Bedford Vill. Ass. Ltd.,*
   213 F.3d 48 (2d Cir. 2000)............................................................7

*Harris v. New York State Dept. Health,*
   202 F.Supp.2d 143 (S.D.N.Y. 2002)............................................6

*Indemnity Ins. Co of North Am v. K-Line Am., Inc.,*
   2008 WL 4922327 (S.D.N.Y.)....................................................21

*Indemnity Ins. Co of North Am v. M/V Easline Tianjin,*
   2008 WL 418910 (S.D.N.Y.).....................................................21

*Ironforge.com v. Paychex, Inc.,*
   747 F.Supp.2d 384 (W.D.N.Y. 2010)..........................................19

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,*
   58 F.3d 27 (2d Cir. 1995) ..........................................................18

*Joseph Muller Corp. v. Societe Anonyme de Gerance et d'Armement,*
   451 F.2d 727 (2d Cir.1971)..........................................................7

*LeBlanc v. Cleveland,*
   198 F.3d 353 (2d Cir. 1999)........................................................5

*Lloyds Bank PLC v. Norkin,*
   817 F. Supp. 414 (S.D.N.Y. 1993)............................................6, 7

*London v. Polishook,*
   189 F.3d 196 (2d Cir. 1999)........................................................5

*Luckett v. Bure,*
   290 F.3d 493 (2d Cir. 2002)........................................................6

*Maalouf v. Salomon Smith Barney, Inc.,*
   2003 WL 1858153 (S.D.N.Y.)...................................................16

*Macsteel Intern. USA Corp. v. M/V Larch Arrow,*
   354 Fed. App'x 537 (2d Cir. 2009)............................................21

*Makarova v. United States,*
   201 F.3d 110 (2d Cir. 2000)......................................................6, 8

*Manning v. Utils. Mut. Ins. Co., Inc.,*
   254 F.3d 387 (2d Cir. 2001)......................................................13

CASES                                                                                                    PAGE

*Marriott Int'l, Inc. v. Downtown Athletic Club of New York City, Inc.*,
    2003 WL 21314056 (S.D.N.Y.)................................................................13, 14

*Matias ex rel. Palma v. Mondo Properties LLC*,
    43 A.D.3d 367, 841 N.Y.S.2d 279 (1st Dept. 2007).............................................23

*Moog Controls, Inc. v. Moog, Inc.*,
    923 F.Supp. 427 (W.D.N.Y. 1996) .........................................................................11

*Morrison v. Nat'l Austl. Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008), *aff'd*, 13 S.Ct. 2869 (2010) ......................................5

*Mr. Water Heater Enterprises, Inc. v. 1-800-Hot Water Heater, LLC*,
    648 F.Supp.2d 576 (S.D.N.Y. 2009)........................................................................8

*MS Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972)...............................................................................................20, 22

*Mt. Healthy City School Dist Bd v. Doyle*,
    429 U.S. 274 (1977)..................................................................................................7

*Newsom-Lang v. Warren Intl.*,
    129 F.Supp.2d 662 (S.D.N.Y. 2001).........................................................................6

*Northeast General Corp. v. Wellington Advertising, Inc.*,
    82 N.Y.2d 158, 604 N.Y.S.2d 1 (1993) ..................................................................15

*Nwagboli v. Teamwork Transp. Corp.*,
    2009 WL 4797777 (S.D.N.Y.).................................................................................19

*Oktyabr, Inc. v. Trilini Imports*,
    578 F.Supp.2d 455 (E.D.N.Y. 2008) .......................................................................11

*Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*,
    32 F.3d 690 (2d Cir. 1994).......................................................................................18

*Panasuk v. Viola Park Realty, LLC*,
    41 A.D.3d 804, 839 N.Y.S.2d 520 (2d Dept. 2007) ..............................................23

*Philip Morris USA Inc. v. Felizardo*,
    2004 WL 1375277 (S.D.N.Y.)..................................................................................18

*Phillips v. Auto Active Ltd.*,
    494 F.3d 378 (2d Cir. 2007).........................................................................20, 21, 22

CASES                                                                                    PAGE

*Phoenix Consulting v. Republic of Angola*,
    216 F.3d 36 (D.C. Cir. 2000) ...............................................................................6

*Polymer Tech Corp. v. Mimran*,
    975 F.2d 58 (2d Cir. 1992)...............................................................................10

*Regions Bank v. Wieder & Mastroianni, P.C.*,
    423 F.Supp.2d 265 (S.D.N.Y. 2006),
    *remanded on other grounds by,* 253 Fed. App'x 52 (2d Cir. 2007). ......................................15

*Saratoga Vichy Spring Co., Inc. v. Lehman*,
    625 F.2d 1037 (2d Cir. 1980)...............................................................................17

*Selinger Enterprises, Inc. v. Cassuto*,
    50 A.D.3d 766, 860 N.Y.S.2d 533 (2d Dept. 2008) ..............................................23

*Silverstar Enterprises, Inc. v. Aday*,
    537 F.Supp. 236 (S.D.N.Y. 1982).................................................................8, 11

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002)...............................................................................10

*Society for the Advancement of Educ., Inc. v. Gannett Co., Inc.*,
    1999 WL 33023 (S.D.N.Y.)...............................................................................11

*Solomon v. Bell Atl. Corp.*,
    9 A.D.3d 49, 777 N.Y.S.2d 50 (1st Dept. 2004)..............................................18

*Stancato v. Verasace*,
    1995 WL 437532 (S.D.N.Y.)...............................................................................11

*Standard & Poor's Corp., Inc. v. Commodity Exch., Inc.*,
    683 F.2d 704 (2d Cir. 1982)...............................................................................17

*Strawbridge v. Curtiss*,
    7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)...........................................................7

*Tiffany (NJ) Inc. v. eBay, Inc.*,
    576 F. Supp. 2d 463 (S.D.N.Y. 2008),
    *aff'd in part, rev'd in part sub nom.*, 600 F.3d 93 (2d Cir. 2010) ............................................17

*Time, Inc. v. Petersen Pub. Co., LLC*,
    173 F.3d 113 (2d Cir. 1999)...............................................................................8

| CASES | PAGE |
|---|---|

*TradeComet.com LLC v. Google, Inc.*,
    435 Fed. App'x 31 (2d Cir. 2011)..................................................................20

*TVT Records v. The Island Def Jam Music Group*,
    412 F.3d 82 (2d Cir. 2005)............................................................................14

*Weight Watchers Int'l, Inc. v. Stouffer Corp.*,
    744 F. Supp. 1259 (S.D.N.Y. 1990)..............................................................17

*Whitmore v. Arkansas.*
    495 U.S. 149 (1990).......................................................................................5

*Zappia Middle East Construction Co. v. Emirate of Abu Dhabi*,
    215 F.3d 247 (2d Cir. 2000).......................................................................5, 6

### STATUTES

15 U.S.C. § 1051 ...............................................................................................7

15 U.S.C. § 1125 (a) ..........................................................................................8

28 U.S.C. 1331 ..............................................................................................5, 7

28 U.S.C. 1332 ..............................................................................................5, 6

28 U.S.C. 1338.................................................................................................7

28 U.S.C. 1404...............................................................................................20

### RULES

F.R.C.P. Rule 8(a)..............................................................................................9

F.R.C.P. Rule 9(b) ...........................................................................................14

F.R.C.P. Rule 12(b)(1) ............................................................1, 5, 8, 10, 12, 17

F.R.C.P. Rule 12(b)(3) ......................................................................1, 19, 20

F.R.C.P. Rule 12(b)(6) ...............................................................1, 12, 17, 19, 20

## PRELIMINARY STATEMENT

Defendants Piermont Products, LLC, formerly known as Smart-Trike USA, LLC ("LLC"), Robert Kramer ("Kramer") and Joseph Janowski ("Janowski") (collectively "Defendants"), by their attorneys Rand Rosenzweig Radley & Gordon LLP, respectfully submit this memorandum of law for an Order dismissing the Complaint of plaintiff, Smart Trike, MNF, PTE, Ltd. ("Company"), dated Nov. 14, 2011 ("Complaint") upon the grounds that pursuant to (i) F.R.C.P. Rule 12(b)(1), this Court lacks subject matter jurisdiction, (ii) F.R.C.P. Rule 12(b)(6), Counts Three to Eight asserted against LLC fail to state a claim upon which relief can be granted and that Counts One to Eight of the Complaint asserted against Kramer and Janowski as individuals fail to state any claim upon which relief can be granted; and (iii) F.R.C.P. Rule 12(b)(3), Count Nine should be dismissed as brought in an improper venue. Consequently, if the Complaint is not dismissed *in toto* for lack of subject matter jurisdiction, the only remaining claims should be Counts One and Two as against LLC.

## NATURE OF THE ACTION

For this motion, the facts are generally as alleged in the Complaint, except for purposes of the motion to dismiss for lack of subject matter jurisdiction, where additional facts are set forth in the Declaration of Robert Kramer dated January 10, 2012 ("Kramer Decl.") and the Declaration of Joseph Janowski dated January 10, 2012 ("Janowski Decl."), submitted in support of Defendants' motion. The Complaint is attached as Exhibit 1 to the Kramer Decl.

Parties

Plaintiff is a limited liability company organized under the laws of Singapore. (Complaint at ¶ 5). Defendant Kramer, an indirect 50% owner and manager of Defendant LLC, is a resident of New Jersey and a citizen of The Netherlands. (Kramer Decl. at ¶¶ 1, 3).

Defendant Janowski, an indirect 50% owner and manager of LLC, is a resident of New Jersey and a citizen of Israel and the United Kingdom.  (Janowski Decl. at ¶¶ 1, 3).  LLC is a limited liability company organized in New Jersey with its principal place of business located in New Jersey, and the individuals owning LLC directly and indirectly are Kramer and Janowski.  (Kramer Decl. at ¶ 1; Janowski Decl. at ¶ 1; Complaint at ¶ 6).  On or about November 29, 2011, the State of New Jersey acknowledged the filing of an amendment changing the name of LLC from Smart-Trike USA LLC to Piermont Products, LLC. (Kramer Decl. at ¶ 7).

Relationship between the Parties

By its Complaint, Company seeks to recover for breach of contract under an agreement entered into between Company and LLC, on or about October 8, 2010 ("Agreement"; attached as Exhibit A to Complaint).  The Agreement provides that LLC will act as Company's sole and exclusive distributor in the United States and Canada of Company's products produced under the Smart Trike label for a term starting October 18, 2010 through December 31, 2012.  Kramer and Janowski signed the Agreement on behalf of LLC in their corporate capacities and not as individuals, and the Agreement does not impose any obligations on either of these two individual Defendants.  In addition to the Agreement, Kramer and Janowski executed a personal guarantee effective October 31, 2010 ("Guaranty") for certain obligations of LLC to Company under the Agreement. (*Id*. at Exhibit B).  The Guaranty, negotiated between the parties, provides for the exclusive jurisdiction of the district court of Tel Aviv, Israel.  (*Id.*; Kramer Decl. at ¶ 4).  Per the Agreement, LLC acted as exclusive representative for the marketing and sale of Company's products in the U.S. and Canada, until such time as Company unilaterally terminated the Agreement on Nov. 9, 2011.  (*See* Complaint at ¶¶ 3-4, 16, 24).  Within 3 business days, on Nov. 14, 2011, Company filed the Complaint.

<u>Plaintiff's Claims</u>

The Complaint generally alleges numerous breaches of the Agreement by LLC as well as Kramer and Janowski individually in nine counts, without differentiation between corporate and individual actions of the Defendants.   The gravamen of the Complaint is the purported breach of material obligations under the Agreement by Defendants, and a demand for a declaratory judgment that the Agreement is terminated and Defendants are obligated to comply with post-termination provisions of the Agreement (Counts One and Two).  The Complaint lists a litany of breaches of the Agreement by Defendants including failure to remit payments to Company, failure to adequately market Company's products as promised, failure to submit forecast plans, failure to comply with monthly reporting requirements, failure to deliver orders submitted to Company, failure to fulfill customer service responsibilities, failure to meet required target turnover, and general abandonment of the Agreement.  (Complaint at ¶ 23).

Additionally, Company alleges that Kramer and Janowski committed fraud by making representations to Company falsely, and with intent to deceive, that they would perform the obligations under the Agreement while knowing they would not and did not honor these obligations (Count Three).   Similarly, Company alleges that all Defendants breached their fiduciary duties of loyalty and care owed to Company based on LLC's status as Company's agent under the Agreement (Count Four).

Company brings federal and state trademark infringement claims against the Defendants. Namely, it alleges that Defendants have continued to use Plaintiff's common law trademark of Smart Trike ("Trademarks" as defined in the Complaint) after termination of the Agreement, which use violates the Lanham Act as trademark infringement, unfair competition and false designation of origin (Counts Five and Six).  Company also claims that Defendants' use of the

common law trademark violates New York's laws against trademark infringement, unfair competition and deceptive business practices (Count Seven). Notably, the Complaint does not describe any acts by Defendants constituting use of the Trademarks post-termination.

Lastly, Company claims that all three Defendants have wrongfully converted Plaintiff's property by failing to remit payments to Company from sales LLC made as Company's agent (Count Eight), and that pursuant to the Guaranty, Kramer and Janowski are personally liable to Company for LLC's breach of the Agreement (Count Nine).

## SUMMARY OF ARGUMENT

As more fully explained in the legal argument following, this Court does not have subject matter jurisdiction over this proceeding as there is no diversity between the parties, which are all non-U.S. citizens, and nor has Plaintiff stated a viable federal claim under the Lanham Act (Point I). As to the state law claims, Plaintiff fails to state a cognizable claim for fraud, breach of fiduciary duty, trademark infringement, unfair competition, deceptive business practices, and conversion (Point II). The Guaranty claim is brought in an improper venue (Point III). Moreover, since the Agreement does not impose any obligation upon the individual Defendants, Kramer and Janowski, to perform, all counts under the Agreement against them must be dismissed (Point IV). The remaining claims for breach of contract and a declaratory judgment against LLC present state law issues for which this Court does not have jurisdiction, requiring dismissal *in toto*.

ARGUMENT

POINT I

THE COURT LACKS SUBJECT MATTER
JURISDICTION OVER THIS ACTION

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 13 S.Ct. 2869 (2010). The Complaint must be dismissed for lack of subject matter jurisdiction because Plaintiff cannot establish diversity pursuant to 28 U.S.C. § 1332 or allege a viable federal question under 28 U.S.C. § 1331. *Whitmore v. Arkansas.* 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

To establish subject matter jurisdiction, Plaintiff must "proffer the necessary factual predicate - not just an allegation in a complaint - to support jurisdiction." *London v. Polishook,* 189 F.3d 196, 199 (2d Cir. 1999) (citations omitted). The court's duty on a Rule 12(b)(1) motion is to resolve disputed jurisdictional facts by reference to evidence outside the pleadings. *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999) (in admiralty case, citing *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998), a non-admiralty case); *see also Zappia Middle East Construction Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *Cargill Intl SA v. M/T Pavel Dybenko*, 991 F.2d 1012, 1019 (2d Cir. 1993) (district court has jurisdiction to determine its jurisdiction and "the power to resolve any factual dispute regarding the existence of subject matter jurisdiction.") (quotation and citations omitted).

With Defendants' challenge of subject matter jurisdiction, the Court has "'considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'"

*APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (quoting *Phoenix Consulting v. Republic of Angola*, 216 F.3d 36 (D.C. Cir. 2000)).  Evidence such as non-conclusory affidavits, documents and materials may be proffered and the Court at its discretion may hold an evidentiary hearing. *Id.* at 623, 627 (affirming dismissal for lack of subject matter jurisdiction on evidence presented at preliminary injunction hearing); *Zappia*, 215 F.3d at 253 (same result on two years' discovery record and disregarding conclusory opposition affidavit).  Regardless of the manner of its review of this jurisdictional dispute, the Court may not draw inferences in favor of Plaintiff, *Harris v. New York State Dept. Health*, 202 F.Supp.2d 143, 147 (S.D.N.Y. 2002) (citing *Newsom-Lang v. Warren Intl.*, 129 F.Supp.2d 662, 663 (S.D.N.Y. 2001)); in fact, Plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.  *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002); *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  Plaintiff cannot prove that this Court has diversity or federal question jurisdiction.

A.  Lack of Diversity Jurisdiction

Section 1332(a), in pertinent part, provides that the district courts have original jurisdiction if the controversy exceeds $75,000 and is between:

>   (2) citizens of a State and citizens or subjects of a foreign state;

>   (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;  . . . .

>   For the purposes of this section, . . . , an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.[1]  28 U.S.C. § 1332(a).

Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship," *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160

---

[1] The purpose of this paragraph is to eliminate diversity between a citizen of a State and an alien permanently domiciled in the same State, so that alien status does not result in greater access to the federal courts than U.S. citizenship.  The caselaw is clear that this paragraph does not provide diversity in an action between adverse foreign citizens, even if one is a U.S. resident.  *Lloyds Bank PLC v. Norkin*, 817 F. Supp. 414, 419 (S.D.N.Y. 1993).

F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)); and, at least one party must be a citizen of the United States.  *Joseph Muller Corp. v. Societe Anonyme de Gerance et d'Armement,* 451 F.2d 727, 729 (2d Cir. 1971) (dismissing claims for lack of diversity where all parties foreign).  Therefore, diversity jurisdiction does not exist if all parties are alien.  *Lloyds Bank PLC v. Norkin*, 817 F. Supp. 414 (S.D.N.Y. 1993).

This is precisely the situation presented here; all the parties named are aliens.  Plaintiff admits that it is an LLC organized under the laws of Singapore.  Each Defendant is also a foreign citizen.  Kramer is a citizen of The Netherlands, while Janowski is a citizen of Israel and the United Kingdom.  LLC is a limited liability company which for purposes of diversity jurisdiction takes the citizenship of its direct and indirect owners who are individuals, *i.e.*, Kramer and Janowski.  *Handelsman v. Bedford Vill. Ass. Ltd.,* 213 F.3d 48, 51-52 (2d Cir. 2000) (citizenship of a limited liability company is determined by reference to the citizenship of its members) (citing *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998)); *accord Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006).  Company cannot meet its burden of demonstrating that diversity is complete.  *Advani Enter., Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 160 (2d Cir. 1998).

B.  No Federal Question Presented

Without diversity jurisdiction, to obtain subject matter jurisdiction Plaintiff must pled a federal question that is real and substantial, and not alleged merely to obtain access to the federal courts.  28 U.S.C. § 1331; *Mt. Healthy City School Dist Bd v. Doyle*, 429 U.S. 274, 279 (1977).  Here, Plaintiff's only federal claims are in Counts Five and Six presenting conclusory and non-specific allegations that Defendants' continued use of Company's Trademarks violate the Lanham Act, 15 U.S.C. § 1051 *et. seq.*  (28 U.S.C. § 1338).  On a motion to dismiss pursuant to

Rule 12(b)(1), Plaintiff must allege more than unspecified acts of possible trademark infringement to establish its right to subject matter jurisdiction in the federal court. *Makarova*, 201 F.3d at 113. Based on Defendants' dispute of its jurisdiction, the Court can go beyond the pleadings and weigh the credibility of Defendants' sworn statements that since Company's termination of the Agreement, LLC has not used the Trademarks in violation of Company's common law federal trademark rights.

      1.   More Than Conclusory Allegations Required
             to State a Viable Claim Under Lanham Act

The Complaint alleges two counts for violation of the Lanham Act: trademark infringement in Count Five; and unfair competition and false designation of origin in Count Six. Even accepting as true Plaintiff's assertion that it has a common law trademark in Smart Trike, Plaintiff does not allege and cannot allege any set of facts that would entitle Plaintiff to relief on either count. The mere existence of intellectual property rights does not confer federal jurisdiction over what are essentially state law contract disputes. *Silverstar Enterprises, Inc. v. Aday*, 537 F.Supp. 236, 241 (S.D.N.Y. 1982) (where there was no diversity jurisdiction over suit by licensee against licensor, mere existence of trademark did not establish federal jurisdiction).

To state a federal claim for common law trademark infringement, unfair competition or false designation of origin, Company must allege facts establishing a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), that 1) Company has a valid mark entitled to protection, and 2) Defendants' use of the mark is likely to cause confusion. *Time, Inc. v. Petersen Pub. Co., LLC*, 173 F.3d 113, 117 (2d Cir. 1999); *Mr. Water Heater Enterprises, Inc. v. 1-800-Hot Water Heater, LLC*, 648 F.Supp.2d 576, 583 (S.D.N.Y. 2009).

While none of these Lanham Act claims impose a high pleading burden, Plaintiff fails even this minimal standard by alleging mere factual conclusions that:

> Defendants' continued use of Plaintiff's Trademark "Smart Trike" constitutes infringement . . . . (Complaint at ¶ 45);

> Defendants' unauthorized use of the Trademark is likely to cause confusion, mistake and deception as to the source, origin, sponsorship, approval, endorsement or affiliation of Defendants' products and services. (*Id*. at ¶ 46);

> Defendants' conduct, *as described above*, constitutes unfair competition and false designation of origin, . . . . (*Id*. at ¶ 50) (emphasis added); and

> Defendants' unauthorized use of the Trademark is likely to cause confusion, mistake and deception as to the affiliation, connection and/or association of Defendants' services.  (*Id.* at ¶ 52).

Utterly missing in the Complaint is any description of Defendants' actual or potential use of the Trademarks post-termination. Particularly, the statement in ¶50 "Defendants' conduct, *as described above*" is highly misleading, since earlier there is no description of post-termination use of the Trademarks. (*See* Complaint at ¶ 23 for list of alleged acts). The federal courts require more, some description of actual or threatened use beyond Company's mere termination of the Agreement that granted the right to use of the mark.  *Dow Jones & Co. Inc. v. International Securities Exchange, Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) (affirming J. Baer's dismissal of trademark infringement claims that lacked "any factual allegations concerning the nature of the threatened use"); *Broughel v. Battery Conservancy*, 2009 WL 928280 *4 (S.D.N.Y.) (applying *Dow Jones* to dismiss copyright claim as "axiomatic that plaintiff's claims cannot rest on inchoate and conclusory accusations").  As the *Dow Jones* court reasoned, assertion of a Lanham Act claim without describing the nature of the allegations fails to provide Defendants with fair notice of the claims against them as required by F.R.C.P. Rule 8(a).  *Dow Jones*, 451 F.3d at 307 (numerous citations omitted); *Felix the Cat Productions, Inc. v. California Clock Co.*, 2007 WL 1032267 *4 (S.D.N.Y.) (same). Moreover, the courts have long held that "'[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a

motion to dismiss.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (quoting *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002)).  And as shown above, Plaintiff's burden is even greater on a Rule 12(b)(1) motion which requires proof by a preponderance of the evidence of a viable federal claim.

On its face, the Complaint shows that Defendants have not infringed the Trademarks in breach of the Agreement.  LLC had 30 days from the termination of the Agreement to change its name from Smart Trike. (Complaint Exhibit A at §12(A)(b)).  Company filed the Complaint 3 business days after its unilateral termination of the Agreement on Nov. 9, 2011, although the post-termination grace period ran until Dec. 9, 2011. (Complaint at ¶ 24). While Company did not allow the 30 days to pass to determine if LLC abided with the contract requirement, LLC did submit a request for its name change to the State of New Jersey within the grace period.  Since that date, LLC has not used Smart Trike as its company name or for other business purposes that violate Company's common law rights in the Trademarks. (Kramer Decl. at ¶ 8).

  2. LLC's Post-Termination Sale of Genuine Smart
    Trike Products Does Not State a Lanham Act Claim

The post-termination sale by LLC of products which it purchased from Company does not constitute a trademark infringement.  The seminal case in this Circuit is *H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc.*, 879 F.2d 1005 (2d Cir. 1989), which found that the unauthorized sale of a genuine trademark product by a terminated distributor alone does not constitute trademark infringement.  *Id.* at 1023.  That court held that more must be established to make a Lanham Act violation, and subsequent decisions concur.  *Accord Polymer Tech Corp. v. Mimran,* 975 F.2d 58, 61 (2d Cir. 1992) ("trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner"); *Krasnyi*

*Oktyabr, Inc. v. Trilini Imports*, 578 F.Supp.2d 455, 468-69 (E.D.N.Y. 2008) (dismissing Lanham Act claims where plaintiff failed to show defendant's goods were not genuine).

Plaintiff has not alleged any specific acts of trademark infringement by Defendants in the 3 business days between its termination of LLC and bringing suit against the Defendants. (*See* Complaint at ¶¶ 45 & 50). Moreover, post-termination, LLC has no reason to use the mark "Smart Trike" for business purposes since it changed its name to Piermont Products, and no longer has access to new products from Company to market, advertise, distribute or sell. (Kramer Decl. at ¶¶ 7-8). As Kramer has declared, LLC is not using the Trademarks other than to sell its inventory of genuine Smart Trike products purchased from Company under the Agreement, (*id.*), an act not in violation of the Lanham Act.

### 3.   Plaintiff Pled a Contractual Dispute Not a Lanham Act Claim

When parties enter into a contract "governing their respective rights in a trademark, the contract itself defines their rights in the mark and determines the remedies available for an allegedly unauthorized use of the mark." *Society for the Advancement of Educ., Inc. v. Gannett Co., Inc.,* 1999 WL 33023 [*]9 (S.D.N.Y.) (citations omitted). "The Lanham Act, in contrast, establishes marketplace rules governing the conduct of parties not limited" by contract. *Silverstar Ente.r,* 537 F.Supp. at 242.

Clearly in the case at bar, Company has alleged a license agreement between the parties for LLC's use of the Trademarks, (Complaint at ¶¶ 3, 20), and premises its allegations on a lengthy list of Defendants' breaches of the Agreement.  (Complaint at ¶ 23).  It is that contract and not the Lanham Act which determines the rights of the parties to the use of the Trademarks. *Id.*; *Moog Controls, Inc. v. Moog, Inc.*, 923 F.Supp. 427, 431 (W.D.N.Y. 1996); *Stancato v. Verasace*, 1995 WL 437532 (S.D.N.Y. 1995).   Thus, with no viable federal trademark claim,

Plaintiff fails to present a federal question to this Court with the result that the Court lacks subject matter jurisdiction to hear this case.

POINT II

ON THIS MOTION TO DISMISS, PLAINTIFF
CANNOT MEET ITS BURDEN OF PLEADING ANY
SET OF FACTS THAT STATE A CLAIM FOR WHICH
<u>RELIEF MAY BE GRANTED ON COUNTS THREE TO EIGHT</u>

Defendants move to dismiss Counts Three through Eight pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. As the federal trademark claims asserted in Counts Five and Six are addressed above under the more stringent pleading standards of Rule 12(b)(1), the arguments for their dismissal are not repeated in Point II but Defendants also request the dismissal of these two Counts on grounds of Rule 12(b)(6).

A. <u>Standard of Review on Motion to Dismiss</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual and non-conclusory allegations, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To meet this standard, the Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. But, as *Ashcroft* emphasized: "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557).

B. <u>Plaintiff Fails to State a Claim of Fraud under New York Law (Count Three)</u>.

Company asserts a particular fraud, namely that Defendants entered into the Agreement with an intent to breach it.  According to the Complaint, in furtherance of this fraud, the individual Defendants made knowingly false misrepresentations on behalf of LLC regarding their marketing efforts to induce Company to enter into the Agreement.  These allegedly false representations were made by the individual Defendants with intent to defraud Company as they never intended LLC to honor the commitments they made for LLC, and did not in fact honor them.  (Complaint at ¶¶ 36-40).  However, under New York law more than promises of performance and breach of the agreement thereafter is needed to state a claim for fraud based on intent to deceive in entering into the contract.  In other words, where plaintiff has also sued for breach of contract, a fraud allegation must state a tort claim independent of the contract claim. *Manning v. Utils. Mut. Ins. Co., Inc.*, 254 F.3d 387, 400 (2d Cir. 2001); *Factory Associates & Exporters, Inc. v. Lehigh Safety Shoe Co., LLC,* 2007 WL 1834599 *7 (N.D.N.Y.).

Under New York law, the essential elements of a fraud claim include "representation of a material existing fact, falsity, scienter, deception, and injury." *Manning*, 254 F.3d at 401.  But with an intent to defraud claim, Company has the extra burden of alleging facts that demonstrate above the speculative level that the false misrepresentations that induced Plaintiff to enter into the Agreement are distinct from the breach of the Defendants' promise that LLC would perform under the contract. *Marriott Int'l, Inc. v. Downtown Athletic Club of New York City, Inc.*, 2003 WL 21314056 *5-6 (S.D.N.Y.).  Thus, "to maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and

unrecoverable as contract damages." *Bridgestone/Firestone Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (citations omitted). The law is clear in New York, a misrepresentation alone, which is merely a statement of intent to perform under the contract, without more does not state a claim for fraud. *Id.* at 19-20; *TVT Records v. The Island Def Jam Music Group*, 412 F.3d 82, 91 (2d Cir. 2005) (failure to disclose intent to breach not actionable as fraudulent concealment); *Caniglia v. Chicago Tribune–N.Y.*, 204 A.D.2d 233, 234, 612 N.Y.S.2d 146, 147 (1st Dept 1994).

Company fails to allege any one of these three additional factual predicates to an intent to deceive fraud claim. The purported false representations cited in the Complaint are all directly keyed to LLC's performance under the Agreement.  (Complaint at ¶ 37).   Nowhere does Company claim, and nor can it, that LLC or its individual managers owe a separate legal duty to Company, that the managers made any promise to Company extraneous of the promises to perform under the contract to induce Company to enter into the Agreement, or that these misrepresentations caused special damages requiring compensation beyond the value of the contracted for performance.  *See Marriott*, 2003 WL 21314056 *6-7 (dismissed for lack of pleading as to any one of the three extra elements for intent to defraud claim).  Thus, as a matter of law, Plaintiff has failed to plead a sufficiently separate fraud claim independent of its breach of contract claim.[2]

---

[2] Since Plaintiff has utterly failed to allege the elements of a fraud claim, its pleading deficiencies are even more obvious and severe when compared with the heightened pleading requirements of particularity under F.R.C.P. Rule 9(b).  *See Marriott*, 2003 WL 21314056 *6-7 (where intent to defraud claim fails as a matter of law, court need not consider particularity requirements of Rule 9(b)).

C.   <u>Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Count Four)</u>.

Plaintiff baldly alleges that based on the Agreement for LLC to act as Company's distributor, LLC and its managers Kramer and Janowski owe Company fiduciary duties beyond the obligations in the Agreement, and that Defendants willfully breached these duties.  Plaintiff has failed to state a cognizable claim under New York law.

The elements of a breach of fiduciary duty claim are (1) that a fiduciary duty existed between plaintiff and defendant, (2) that defendant breached that duty, and (3) plaintiff was damaged as a result of the breach.  *Regions Bank v. Wieder & Mastroianni, P.C*., 423 F.Supp.2d 265, 270 (S.D.N.Y. 2006), *remanded on other grounds by,* 253 Fed. App'x 52 (2d Cir. 2007). Plaintiff has not pled and cannot establish that Defendants owed it a fiduciary duty separate from the Agreement. *Balta v. Ayco Co., LP*, 626 F. Supp. 2d 347, 361 (W.D.N.Y. 2009) (granting summary judgment where "fiduciary duties allegedly breached by Defendant arose, expressly or impliedly, under the contract, and the parties had no relationship of trust apart from their contractual relationship").

Perhaps in an attempt to overcome its inability to allege a fiduciary duty independent of the Agreement, Company asserts instead that "as a result of LLC's status as agent for Plaintiff and the status of Kramer and Janowski as the members who controlled and directed that entity, the law imposes upon the Defendants a duty of loyalty and due care . . . ." (Complaint at ¶ 42).[3] But this is not the law in New York with regard to commercial agreements.  As the Second Circuit clearly articulated in *Bridgestone/Firestone*, 98 F.3d at 20, a commercial arrangement

---

[3] Since the fiduciary relationship is based on matters "within the scope of the relation . . . ultimately, the dispositive issue of fiduciary-like duty or no such duty is determined not by the nomenclature 'finder', or 'broker' or even 'agent', but instead by the services agreed to under the contract between the parties*." Northeast General Corp. v. Wellington Advertising, Inc*., 82 N.Y.2d 158, 163, 604 N.Y.S.2d, 1, 9 (1993).

without more does not impose on Defendants "a fiduciary duty distinct from their obligation to perform under the agreement."  The "more" cited by *Bridgestone* is where "the defendant occupies a position of trust or special confidence with regard to plaintiff that imposed obligations beyond the express agreements." *Id.* (citations omitted); *Maalouf v. Salomon Smith Barney, Inc*., 2003 WL 1858153 *4-5 (S.D.N.Y.) (entering into a conventional business relationship does not create a fiduciary relationship).  The defendant in *Bridgestone* had little discretion to exercise, and "whatever trust and confidence was placed in him had solely to do with his carrying out his obligations under the contract. Nor was he relied upon for advice or the exercise of judgment based on superior information or professional expertise." *Id.*

In the case at bar, Company alleges only that "Defendants have engaged in a willful breach of their fiduciary duty to their principle [sic], Plaintiff, by the *actions detailed above*." (Complaint at ¶ 43, emphasis added).  Again Plaintiff repeats its mantra against Defendants for "the actions detailed above," presumably those listed in ¶ 23 which are nothing more than purported breaches of the Agreement.  Thus, Company alleges no special obligations imposed on or exercise of judgment or discretion by LLC or its managers beyond those explicitly required by the Agreement.  Dismissal is appropriate here, where Plaintiff has not, and cannot as a matter of law, plead a separate fiduciary relationship breached by Defendants.

D.  <u>Plaintiff Fails to State NY Trademark Infringement and Related Claims (Count Seven)</u>.

Company combines three claims in Count Seven, alleging that "Defendants' conduct described above" (again without reference but presumably the alleged breaches listed in Complaint ¶ 23) constitutes trademark infringement, unfair business practices and unfair competition under New York common and statutory law. (Complaint at ¶ 56). Just as Plaintiff

failed to state a Lanham Act claim sufficient to withstand dismissal under the higher pleading burden of a Rule 12(b)(1) motion, Plaintiff's similar state law claims fail under Rule 12(b)(6).

1. <u>New York State Trademark Infringement Claim Fails</u>. The elements required to prevail on a trademark infringement claim under New York common law mirror the Lanham Act. *Standard & Poor's Corp., Inc. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir. 1982) (use of mark plus confusion required). But as seen in Point IB, Company has not stated allegations sufficient to establish a violation of the Lanham Act.  Company's reliance on its description of Defendants' conduct in breach of the Agreement, does not state infringement of New York law anymore than it does federal.  *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 519 (S.D.N.Y. 2008), *aff'd in part, rev'd in part sub nom.*, 600 F.3d 93 (2d Cir. 2010) (New York trademark infringement claim dismissed on same basis as Lanham Act claim).

2. <u>New York Unfair Competition Claim Fails</u>.  For a New York State unfair competition claim, Plaintiff must state a Lanham Act claim, coupled with a showing of bad faith or intent. *Girl Scouts of U.S.A. v. Bantam Doubleday Dell Publ'g Group, Inc.*, 808 F.Supp. 1112, 1131 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 1477 (2d Cir. 1993) (state claim dismissed); *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980) ("The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another. Central to this notion is some element of bad faith.") (citations omitted).

Beyond the conclusory assertion of Defendants' unauthorized use of the Trademarks, Count Seven contains no allegation of bad faith or intent by Defendants, which in fact makes sense since Company cannot and does not identify actual use by Defendants of the Trademarks post-termination.  Without an actionable use of the Trademarks, there cannot be bad faith or intent by Defendants.  *Weight Watchers Int'l, Inc. v. Stouffer Corp.*, 744 F. Supp. 1259, 1283

(S.D.N.Y. 1990) (having found no confusion under Lanham Act standards, dismissed state unfair competition claim without reaching bad faith). *Cf. Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34-35 (2d Cir. 1995) (in preliminary injunction context, dismissing unfair competition claim for failure to establish both confusion and bad faith).

   3.  <u>New York Deceptive Business Practices Claim Fails.</u>  Under N.Y. Gen. Bus. § 349, a consumer protection statute, a plaintiff must establish that (1) the defendant made misrepresentations or omissions that were likely to mislead a reasonable consumer in the plaintiff's circumstances, (2) the plaintiff was deceived by those misrepresentations or omissions, and (3) as a result the plaintiff suffered injury.  *Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49, 52, 777 N.Y.S.2d 50, 55 (1st Dept. 2004); *Philip Morris USA Inc. v. Felizardo*, 2004 WL 1375277 *6 (S.D.N.Y.) (Baer, J.) (dismissing claim as plaintiff could not allege it was misled regarding the goods sold by defendant, nor suffered actual consumer harm).  Company makes none of the predicatory allegations for this claim in Count Seven.  Company does not state that Defendants actually sold products to any New York consumer, let alone that it sold them in a materially deceptive manner, and nor does Company allege it was injured by any act of Defendants in selling products to New York consumers. *Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 697 (2d Cir. 1994) (dismissed for failure to show injury); *Coors Brewing Co. v. Anheuser-Busch Cos.*, 802 F.Supp. 965, 975 (S.D.N.Y.1992) (dismissed for failure to show consumers were misled).  Based on the lack of allegations stating any one of the necessary ground for these three state claims, dismissal of Count Seven is warranted.

   E.  <u>Plaintiff Fails to State a Claim of Conversion (Count Eight).</u>
      In Count Eight, Company asserts a claim for conversion against the three Defendants. This claim alleges that Defendants as Company's agent under the Agreement received payments

from customers that they are obligated to but failed to remit to Company.  (Complaint at ¶¶ 62-63).  In Count One, Company alleges similarly that Defendants breached the Agreement by failing to remit to the Company payments from customers LLC collected on Company's behalf. (*Id.* at ¶¶ 23(A) & 26-27).

Under New York law, the tort of conversion cannot be asserted if there is a duplicative claim sounding in contract.  *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F.Supp.2d 321, 328 (S.D.N.Y.2001) ("New York law is clear in barring claims for conversion where damages are merely sought for breach of contract."); *accord  Nwagboli v. Teamwork Transp. Corp.*, 2009 WL 4797777 *9 (S.D.N.Y.) (same).  The only exception to this rule is if the plaintiff asserts that the defendant has breached a duty independent of the contract.  *East 2 West Product Group, LLC v. Henry Brown, LLC*, 2010 WL 2891190 *1 (S.D.N.Y.).  Count Eight does not allege that Defendants' obligation to collect and remit the invoices to Company is independent of the Agreement.  Furthermore, the Agreement itself provides for this collection at Section 3. (Complaint at Exhibit A).  Thus, Plaintiff's conversion claim is duplicative of its contract claims, and as such must be dismissed.  *Ironforge.com v. Paychex, Inc.*, 747 F.Supp.2d 384, 399 (W.D.N.Y. 2010) (dismissing conversion claim where plaintiff did not identify any extracontracual duty owed to them by defendant).

### POINT III

### CLAIM ON GUARANTY MUST BE DISMISSED
<u>PURSUANT TO RULE 12(b)(3) OR RULE 12(b)(6)</u>

In Count Nine, Company brings a claim against Kramer and Janowski under the Guaranty signed by both as individuals.  In this claim, Company ignores the Guaranty's provision providing that any disputes be decided in the district court of Tel Aviv, Israel.  (*See*

Complaint at Exhibit B).  Regardless of Plaintiff's rights under the Guaranty, this claim must be dismissed under Rule 12(b)(3) as brought in an improper venue or under Rule 12(b)(6) for failure to state a claim, whichever basis the Court deems procedurally correct.[4]

While a federal court can remove a case to another federal district under 28 U.S.C. §1404, this procedural mechanism is not available when the parties chose exclusive jurisdiction in a foreign or state court.  In these situations, the New York federal courts dismiss claims for which the parties selected a mandatory forum that meets the following four-part test for analyzing such provisions:

1.  Whether the clause was 'reasonably communicated to the party resisting enforcement';

2.  Whether the language of the clause is mandatory, as opposed to merely permissive;

3.  'Whether the claims and parties involved in the suit are subject to the forum selection clause'; and

4.  If these three are met, the clause is presumptively enforceable, and the party resisting enforcement of the clause must rebut 'the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust or that the clause is invalid for such reasons as fraud or overreaching.'

*TradeComet.com LLC v. Google, Inc.*, 435 Fed. App'x 31, 33 (2d Cir. 2011) (quoting *Phillips v. Auto Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (quoting in turn *MS Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

The Guaranty's forum selection clause states verbatim that "any dispute shall be tried in the District court of Tel Aviv." (Complaint at Exhibit B). It is clear that this clause is

---

[4] As this Court stated in *Bluefire Wireless, Inc. v. Cloud9 Mobile Communications, Ltd.*, 2009 WL 4907060 *n.2 (S.D.N.Y.) (Baer, J.), the federal courts have not designated a particular procedural mechanism for dismissal of a suit based upon a valid forum selection clause, but apply Rule 12(b)(3), Rule 12(b)(6) or no rule to dismiss on this ground.

presumptively enforceable under the *Phillips* test applied by the Second Circuit, and Plaintiff cannot rebut this presumption, as:

1.　　　The Clause Was Reasonably Communicated to Plaintiff.　The parties negotiated the Guaranty. (Kramer Decl. at ¶ 4).　Thus, at least by and probably sooner, Company's representatives were aware of the clause at the time Kramer and Janowski executed the Guaranty.　*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (defendants did "not claim an unawareness of the jurisdictional consent clause; it was plainly printed on the . . . Agreements").

2.　　　The Clause Is Mandatory.　The Guaranty clearly states that any dispute under the Guaranty "shall be tried" in Tel Aviv, Israel.　The Second Circuit in *Macsteel Intern. USA Corp. v. M/V Larch Arrow*, 354 Fed. App'x 537, 539-40 (2d Cir. 2009), analyzed just such an issue finding the forum selection clause "to be decided in London" was mandatory.　After reviewing a number of decisions on point in the Circuit, the *Macsteel* court held that *Phillips* "requires a court to focus on the 'mandatory force of the words,' . . . [with the result that] the 'to be' language makes the forum selection clause mandatory." *Id.* at 540 (quoting *Phillips*, 494 F.3d at 384 (provision "are to be brought in England" deemed mandatory), and citing *Central National Gottesman, Inc. v. M.V. Gertrude Oldendorff*, 204 F.Supp.2d 675, 678 (S.D.N.Y. 2002) (held mandatory: "to be decided in London"), *Indemnity Ins. Co of North Am v. K-Line Am., Inc.*, 2008 WL 4922327 *7 (S.D.N.Y.) (held mandatory: "shall be brought before the Tokyo District Court"); and *Indemnity Ins. Co of North Am v. M/V Easline Tianjin*, 2008 WL 418910 (S.D.N.Y. 2008) (held mandatory: "shall be determined by the court in the People's Republic of China")). *See also Baosteel Am., Inc. v. M/V Ocean Lord*, 257 F.Supp.2d 687, 689 (S.D.N.Y.) ("exclusive jurisdiction can be granted to a forum without the use of specific language of exclusion such as

"only," "solely" or "exclusively") (citations omitted).  Under this precedent, clearly the wording of the Guaranty's forum selection provision is mandatory.

3.    <u>The Parties and Claims Are Within Scope of the Clause</u>.  Plaintiff is suing for enforcement of the Guaranty itself against the two individual guarantors, defendants Kramer and Janowski, thus the scope of the forum selection clause encompasses the claims raised in Count Nine.  "The Second Circuit has endorsed an expansive reading of the scope of forum selection clauses, in keeping with the policy favoring their use." *Bluefire Wireless, Inc.*, 2009 WL 4907060 *3 (citation omitted).

4.    <u>The Clause Is Presumptively Enforceable</u>.    Since the forum clause was communicated to Company, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable.  *Phillips*, 494 F.3d at 383-84.  The burden is now upon Company to rebut this presumption by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen,* 407 U.S. at 15 (establishing federal standard relating to enforcement of forum clauses applicable in admiralty and international transactions); *see Bense v. Interstate Battery Sys. of Am., Inc.,* 683 F.2d 718, 721 (2d Cir. 1982) (applying *Bremen* standard to contractual dispute between domestic parties in non-admiralty context); *see also Phillips*, 494 F.3d at 383-84.

Defendants know of no facts that Plaintiff can plead that would rebut this presumption. In fact, as the principals of Company reside and manage its business in Israel and are fluent in Hebrew, Israel's official language (Kramer Decl. at ¶ 5; Janowski Decl. at ¶ 5), making the choice of Tel Aviv as the situs of any legal disputes regarding the Guaranty reasonable. Company certainly cannot complain of inconvenience in bringing a suit in that country.

POINT IV

ADDITIONALLY COUNTS ONE AND TWO MUST BE
DISMISSED AS TO INDIVIDUAL DEFENDANTS
AS THEY ARE NOT PARTIES TO THE AGREEMENT

Under New York law, personal liability will not be found where "a member of a limited liability company . . . did not purport to bind himself or herself individually under such contract." *Panasuk v. Viola Park Realty, LLC*, 41 A.D.3d 804, 805, 839 N.Y.S.2d 520, 522 (2d Dept. 2007); *Matias ex rel. Palma v. Mondo Properties LLC*, 43 A.D.3d 367, 367-68, 841 N.Y.S.2d 279, 281 (1st Dept. 2007) (member of a limited liability company "cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof") (citations omitted); *Gottehrer v. Viet-Hoa Co.*, 170 A.D.2d 648, 648, 567 N.Y.S.2d 71, 72 (2d Dept. 1991) (pre-LLC law, held no basis for personal liability where contract showed no indication of liability in an individual capacity, and contract was executed by the individual defendant in his corporate capacity).   Here Kramer and Janowski executed the Agreement in their capacities as representatives of LLC. (*See* Exhibit A to Complaint at page 4).   Nowhere does the Agreement bind either of them as individuals.

Where it is clear from the contract that the corporate entity is the party to the agreement and the individuals who executed the contract did so in their corporate capacity, the state courts in New York have dismissed the claim as a matter of law without further evidentiary proof. *Selinger Enterprises, Inc. v. Cassuto*, 50 A.D.3d 766, 767, 860 N.Y.S.2d 533, 535 (2d Dept. 2008) (on motion to dismiss, held no liability for breach of contract pled against individual who signed as agent for company); *150 Broadway N.Y. Associates, L.P. v. Bodner*, 14 A.D.3d 1, 784 N.Y.S.2d 63, 68 (2d Dept. 2004) (same result for individuals held to have executed agreement on

behalf of their limited partnership).  Thus, Counts One and Two of the Complaint,[5] to the extent

that either asserts that Kramer and Janowski as individuals are liable for failing to meet the

obligations of the Agreement, must be dismissed as a matter of law.

<u>CONCLUSION</u>

Accordingly, the Complaint should be dismissed in all respects.


Dated:  White Plains, New York
            January 11, 2012

RAND ROSENZWEIG RADLEY
& GORDON, LLP

By: _____s/_____
Charles L. Rosenzweig (CR7622)
Catherine S. Campbell  (CC3497)
*Attorneys for Defendants*
455 Hamilton Ave., Suite 1201
White Plains, N.Y. 10601
914-406-7000
ccampbell@randrose.com

---

[5] Dismissal of Counts Three through Nine as against Kramer and Janowski are requested based on the legal grounds addressed in Points II and III above.